IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMOND D. NEWSOME, 1291626, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-1930-N |
| ) | ECF |
| STATE BAR OF TEXAS, Et Al., ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff is incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He is proceeding pro se, and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the State Bar of Texas ("State Bar"), the State Bar Summary Disposition Panel, Assistant Disciplinary Counsel Jhoslyn Hood, State Bar Investigator Gary Nation, State Bar Board of Disciplinary Appeals, State Bar Director Gayle Vicker, and State Bar Senior Investigator J.M. Richards.

**II. Background**

Plaintiff argues that Defendants violated his civil rights under 42 U.S.C. § 1983. He states he informed Defendants that his defense attorney rendered ineffective assistance of

counsel in his criminal trial by failing to file a petition for discretionary review. He also states that he informed Defendants of a federal civil rights action that he filed against his defense attorneys and the prosecutors in his criminal case. *See Newsome v. Richards*, No. 4:08-CV-353-A (N.D. Tex.).[1] He argues that Defendants did nothing to "get him justice" in federal court or during the State Bar disciplinary proceedings. Plaintiff seeks money damages and changes in the State Bar rules.

## III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490

---

[1]On September 17, 2008, the Court dismissed the complaint as frivolous.

**Findings and Conclusions of the
United States Magistrate Judge**       Page -2-

U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV. Discussion

Plaintiff states he informed Defendants that his criminal defense counsel was constitutionally ineffective, but they nothing to correct or challenge his conviction. Plaintiff's claims involve his assertion that he was denied his Sixth Amendment right to counsel in his criminal trial. His claims are therefore connected to the legality of his conviction. In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff has not shown that his conviction has been reversed, expunged, or otherwise invalidated. Hence, no § 1983 cause of action has yet accrued and his complaint should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

## RECOMMENDATION

The Court recommends: (1) that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed

with prejudice until the *Heck* conditions are met; and (2) that all pending motions be denied.

Signed this 23rd day of February, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the
United States Magistrate Judge**     Page -4-

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).